UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY GENE HEGGEM,                    )
                                      )
            Plaintiff,                )      CASE NO.      C08-328-RSL-JPD
                                      )
      v.                              )
                                      )
SHERYL[1] ALLBERT,                    )      REPORT & RECOMMENDATION
                                      )
            Defendant.                )
_____     )

## INTRODUCTION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff Larry

Heggem filed this action while incarcerated in the Special Offender Unit ("SOU") at the Monroe

Corrections Complex in Monroe, Washington.[2]  He alleges in his complaint that the sole defendant, a

nurse at SOU, denied him his constitutional right to adequate medical care.  Defendant has moved for

summary judgment, and plaintiff has filed a response.  This Court, having reviewed the submissions

of the parties, and the balance of the record, concludes that there is no genuine issue of material fact

and defendant's motion for summary judgment should be granted.

_____

[1] Defendant's name was previously spelled incorrectly and the Court now changes the
caption to reflect the true spelling of defendant's first name.

[2] Plaintiff has apparently been released since the filing of this complaint and is no longer in
custody.  (Dkt. No. 34).

REPORT & RECOMMENDATION
PAGE - 1

## BACKGROUND

2

In support of her motion for summary judgment, defendant Sheryl Allbert submits her own

3   declaration, as well as declarations by Patty Willoughby, a legal assistant with the Washington

4   Attorney General's Office, and Leah Harmon, a medical records technician with the Washington

5   Department of Corrections ("DOC"). Attached to these declarations are numerous exhibits that

6   document plaintiff's medical care while in the custody of DOC. Plaintiff, in his response to the

7   motion for summary judgment, provides additional exhibits. Plaintiff's medical history is lengthy

8   and the Court will not attempt to piece together a complete picture of plaintiff's medical care during

9   the period in question but will set forth below only the most salient facts.

10          With the exception of a five-month period when he was transferred to the Washington State

11  Penitentiary, plaintiff was housed in the SOU from September 25, 2006 through December 20, 2007,

12  the date he signed the instant complaint. (Dkt. No. 38, Ex. 1 at 24-25). The SOU is designed to

13  handle inmates who may suffer from mental illness. (*Id.*, Ex. 2 at ¶ 2). While he was housed in

14  SOU, plaintiff's primary medical provider was the defendant. During the tenth-month period at

15  issue, plaintiff complained of numerous physical ailments and received some type of medical

16  attention over fifty times. (Dkt. No. 38, Ex. 3, Attachments A & B). It appears that most of this

17  attention took the form of face-to-face meetings with a nurse, usually defendant. These meetings are

18  summarized in documents submitted by defendant entitled, "Primary Encounter Reports." (Dkt. No.

19  38, Ex. 3, Attachment A). During many of these meetings, plaintiff complained of chronic pain in his

20  neck and back, or elsewhere, and he requested opiate medications such as methadone or oxycodone

21  to relieve the pain.[3] (*Id.*) His requests were denied but he was given pain relievers such as Tylenol,

22  ibuprofen, and aspirin. (*Id.*) On several occasions, plaintiff became angry and the medical session

23  ended with him yelling obscenities and threatening to sue prison staff. (*Id.*, "Primary Encounter

24  ─────────────

25          [3] Before he was housed in SOU, plaintiff was apparently receiving methadone while housed
    at the Washington State Reformatory. On September 12, 2006, however, two weeks before he was
26  transferred to SOU, he inexplicably requested that his methadone be discontinued. (Dkt. No. 38, Ex.
    3, Attachment A, "Primary Encounter Reports" dated 9/12/06 and 9/18/06). (*Id.*, "Primary Encounter

REPORT & RECOMMENDATION
PAGE - 2

Reports" dated 11/22/06, 9/22/07, 11/27/07).

On October 17, 2007, defendant referred plaintiff's request for opiate medications to the prison's Care Review Committee ("CRC") which is comprised of medical professionals. The CRC reviews requests for medical treatments that are not typically offered by DOC. (Dkt. No. 13, Ex. 2 at ¶ 6). The CRC recommended that plaintiff not be given opiate medication because it determined that "the physical evaluation does not support the use of narcotic pain medications." (*Id.*, Attachment A).

On December 20, 2007, plaintiff signed the instant complaint pursuant to 42 U.S.C. §1983. (Dkt. No. 1). After plaintiff corrected a deficiency in his application to proceed *in forma pauperis*, the Court granted plaintiff leave to proceed *in forma pauperis* and directed the Clerk to serve defendant with a copy of the complaint. (Dkt. No. 11). Defendant filed her answer on June 3, 2008. (Dkt. No. 21). Plaintiff filed a motion for a preliminary injunction, seeking to compel defendant to immediately provide the allegedly necessary painkillers. (Dkt. No. 23). The Court issued a Report and Recommendation on July 1, 2008, recommending denying the motion because plaintiff had failed to provide any independent evidence to support his claim. (Dkt. No. 31). On August 8, 2008, the Honorable Robert S. Lasnik adopted the Report and Recommendation and denied plaintiff's motion for preliminary injunction. (Dkt. No. 37).

Defendant filed the instant motion for summary judgment on September 4, 2008. (Dkt. No. 38). Plaintiff filed a response and defendant has filed a reply. (Dkt. Nos. 39, 40). The matter is now ready for review.

<u>DISCUSSION</u>

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving

party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate medical care. *Id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. This two-part test requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834. The first prong, the objective component of an Eighth Amendment claim, is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The second prong, the subjective component of an Eighth Amendment claim, has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834.

Plaintiff fails to meet either prong of the Eighth Amendment test. Regarding the "objective component," plaintiff makes no showing that defendant's refusal to provide opiate painkillers violates contemporary standards of decency. While plaintiff attaches numerous medical records to his response to defendant's motion for summary judgment, none of these records establish that plaintiff should have been given opiate painkillers during the period in question. Moreover, even if plaintiff succeeded in showing that a sound medical basis existed for the prescription of such painkillers, a mere difference of medical opinion is insufficient to establish an Eighth Amendment violation. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In addition, plaintiff does not show that there is a triable issue of fact regarding whether defendant acted with "deliberate indifference" towards his medical needs. Fifty visits with a nurse or doctor over ten months hardly reflects deliberate indifference to plaintiff's needs. Plaintiff may

1   disagree strongly with the course of treatment that he received, but he cannot deny that he received

2   treatment.  Nor does the record show that the treatment he received was "medically unacceptable

3   under the circumstances."  90 F.3d at 332.  Accordingly, plaintiff has not satisfied his burden of

4   showing that a genuine issue of material fact exists regarding his Eight Amendment claim, and

5   defendant's motion for summary judgment should be granted.

6                                          <u>CONCLUSION</u>

7         For the foregoing reasons, the Court recommends that defendant's motion for summary

8   judgment be granted, and the complaint and this action be dismissed with prejudice.  A proposed

9   Order accompanies this Report and Recommendation.

10        DATED this 10th day of November, 2008.

11

12                                          *James P. Donohue*
                                            _____
13                                          JAMES P. DONOHUE
                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT & RECOMMENDATION
PAGE - 5